UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA'S PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> - against - <br><br> ELLEN BARKIN, <br><br> Defendant. | Case No: 1:25-cv-08809-ALC <br><br> **ANSWER** <br><br> JURY TRIAL DEMANDED |

**DEFENDANT ELLEN BARKIN'S ANSWER TO EVA'S PHOTOGRAPHY, INC'S COMPLAINT**

Defendant Ellen Barkin ("Defendant" or "Barkin"), by and through counsel, Susman Godfrey L.L.P., answers the Complaint of Plaintiff Eva's Photography ("Plaintiff" or "Eva's"), as follows. All allegations not expressly admitted (including, but not limited to, assertions contained in the headings of the Complaint, which are reproduced solely for convenience) are denied.

**INTRODUCTION**

1.   This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations.

2.   Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

3.   Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

4.   Barkin admits that she is an American actress and producer who has had a decades-long career in film and television. The remaining allegations in the paragraph consist of Plaintiffs' characterizations to which no response is required. To the extent a response is required, Barkin

1

denies the allegations.

5. Barkin admits that she has at times used a personal account on X with the handle @EllenBarkin. Barkin denies any remaining allegations of this paragraph.

6. Barkin admits that the "Followers" figure on her X account has at times displayed a figure close to 250,000. Barkin otherwise lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

7. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations.

## PARTIES

8. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

9. Barkin admits that she is a citizen of New York State and resides in New York, New York; her personal address is otherwise irrelevant.

## JURISDICTION AND VENUE

10. For purposes of this action, Barkin does not contest that this Court has subject matter jurisdiction over this action.

11. For purposes of this action, Barkin does not contest personal jurisdiction. Barkin denies any remaining allegations of this paragraph.

12. For purposes of this action, Barkin does not contest venue.

## FACTS COMMON TO ALL CLAIMS

**A.   Plaintiff's Copyright Ownership**

13. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

14. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

15. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

16. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

17. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

18. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

19. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

20. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

**B.   Defendant's Infringing Activity**

21. Barkin admits that the @EllenBarkin X account is her personal X account. This paragraph otherwise states legal conclusions to which no response is required. To the extent a further response is required, Barkin denies any remaining allegations of this paragraph.

22. Barkin admits that the @EllenBarkin X account is her personal X account. This paragraph otherwise states legal conclusions to which no response is required. To the extent a further response is required, Barkin denies any remaining allegations of this paragraph.

23. Denied.

24. Barkin admits that she is an actress. This paragraph otherwise states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a further response is required, Barkin denies any remaining allegations of this paragraph.

25. Denied.

26. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations.

27. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations.

28. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations.

29. Barkin admits that she is the author of the post at URL https://x.com/EllenBarkin/status/1449454164459798536. Barkin denies the remaining allegations of this paragraph, or is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them.

30. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

31. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

32. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations of this paragraph, or is without knowledge or information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

33. This paragraph states legal conclusions to which no response is required. To the

extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

34. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin admits that she has at times used a personal account on X with the handle @EllenBarkin, and admits that she is the author of the post at URL https://x.com/EllenBarkin/status/1449454164459798536. Barkin denies any remaining allegations of this paragraph.

35. This paragraph states legal conclusions to which no response is required. Barkin admits that she is the author of the post at URL https://x.com/EllenBarkin/status/1449454164459798536. Barkin denies the remaining allegations of this paragraph, or is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and therefore denies them.

36. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin denies the allegations.

37. Denied.

38. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin denies the allegations.

39. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Barkin denies the allegations, or is without knowledge or information sufficient to admit or deny the allegations, and therefore denies them.

40. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin denies the allegations.

41. Denied.

42. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

43. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

44. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

45. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

46. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

47. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

48. Barkin lacks information or knowledge sufficient to admit or deny the allegations

contained in this paragraph, and therefore denies them.

49. Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

50. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

51. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin denies the allegations contained in this paragraph.

52. Barkin denies the allegations of this paragraph, or lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

53. Barkin incorporates by reference her responses to Paragraphs 1-52 above.

54. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

55. This paragraph states legal conclusions or characterizations by Plaintiff to which no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

56. This paragraph states legal conclusions or characterizations by Plaintiff to which

no response is required. To the extent a response is required, Barkin lacks information or knowledge sufficient to admit or deny the allegations contained in this paragraph, and therefore denies them.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## JURY DEMAND

63. With respect to the jury demand contained in Plaintiff's complaint, Barkin states that no response is required.

## PRAYER FOR RELIEF

With respect to the prayer for relief contained in Plaintiff's complaint, Barkin states that no response is required. To the extent a response is required, Barkin denies that Plaintiff is entitled to any of the relief requested and denies any factual allegations contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. To the extent there was copying of Plaintiff's copyrighted materials, such use is protected by the First Amendment of the United States Constitution.

4. To the extent there was copying of Plaintiff's copyrighted materials, such use is protected by the Fair Use doctrine.

8

5. Plaintiff's claims are barred, in whole or in part, because the complained-of use was validly licensed by express or implied license.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright misuse.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, abandonment, and/or forfeiture.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, and/or consent.

12. Plaintiff's claims are barred, in whole or in part, because Barkin's conduct was innocent, not willful.

13. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of Barkin and unrelated to Barkin's conduct. Any loss, injury, or damage claimed by Plaintiff was proximately caused by Plaintiff's own acts or omissions, forces, and events unrelated to Barkin's conduct, and/or the acts or omissions of persons or entities other than Barkin, which Barkin does not control.

14. Plaintiff's recovery against Barkin, if any, is limited in light of Plaintiff's failure to mitigate damages.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff does not own the copyright in some or all of the materials at issue.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff does not own the exclusive rights for some or all of the materials at issue.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks a valid copyright registration for some or all of the materials at issue.

## PRAYER FOR RELIEF

Wherefore, Barkin respectfully prays that the Court:

1. Deny Plaintiff's prayer for relief in its entirety;

2. Dismiss the Complaint with prejudice and enter judgment in favor of Barkin;

3. Award Barkin attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4. Award Barkin such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Barkin hereby demands a jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: New York, New York
January 30, 2026

Respectfully submitted,

SUSMAN GODFREY L.L.P.

/s/ Mark Musico
Mark Musico
Jacob W. Buchdahl
Christina Dieckmann*
One Manhattan West, 50th Fl
New York, New York 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
mmusico@susmangodfrey.com
jbuchdahl@susmangodfrey.com
cdieckmann@susmangodfrey.com
*Application for admission forthcoming