UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVA'S PHOTOGRAPHY, INC.,

                Plaintiff,

  - against -

ELLEN BARKIN,

                Defendant.

Case No: 1:25-cv-08809-ALC-KHP

## PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

### Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

### Proposed Discovery Plan

      In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on February 11, 2026 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1

2. **Summary of Claims, Defenses, and Relevant Issues**

   <u>Plaintiff</u>: Plaintiff seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq. Defendant published Plaintiff's copyright protected photograph on her social media account without authorization.

   <u>Defendant</u>: On October 16, 2021—more than four years before Plaintiff filed its complaint in this matter—Ms. Barkin posted to Twitter (now X) her commentary on a photograph of Jeffrey Epstein walking along a sidewalk with Woody Allen and Soon-Yi Previn. At the time of Ms. Barkin's Tweet, Eva's Photography had long exhausted any commercial value of this photograph; the photo had already been widely posted and re-posted across the internet and social media without attribution. The photo itself appeared as though it could have been taken by anyone on the street and therefore gave no indication that it was likely to be the subject of copyright protection. Ms. Barkin's Twitter post was made for the entirely non-commercial purpose of commentary on an issue of ongoing public interest: the friends, acquaintances, and potential accomplices of a notorious child predator. Ms. Barkin's use of the photo was innocent, fair, and caused Eva's Photography no harm.

   This case follows in the mold of copyright strike suits that plagued this District for years, prosecuted by now-disbarred attorney Richard Liebowitz of the Liebowitz Law Firm, PLLC ("LLF"). *See generally Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020) (cataloguing Mr. Liebowitz's history of misconduct). Plaintiff's law firm announced that it had "acquired and taken over LLF's operations as of January 2022." *See* "Liebowitz Law Firm Ends Operations," *New York Legal Ethics Reporter*, available at https://www.newyorklegalethics.com/liebowitz-law-firm-ends-operations/ (last accessed Feb. 17, 2026). In fact, Mr. Liebowitz himself registered the copyright on which Plaintiff sues. This matter follows Mr. Liebowitz's same playbook of attempting to leverage the costs of litigation to extract unreasonable value from defendants in copyright suits. Respectfully, the Court should take into consideration the looming specter of Mr. Liebowitz in this litigation, including in its determination of the scope and timing of any discovery and trial.

   Ms. Barkin is eager to have her day in court, and is happy to give Plaintiff its day. But she respectfully requests that this Court not allow Plaintiff's lawyer to try to extract an unreasonable settlement by forcing Ms. Barkin to incur unnecessarily large costs of defense. Ms. Barkin has not moved to dismiss. She does not presently plan to move for summary judgment, and sees no basis upon which Plaintiff could meritoriously move. Given that the facts of this case are simple, there is no need for virtually any discovery. As reflected in the Case Management Plan below, Ms. Barkin has proposed a streamlined schedule, without provision for unnecessary and costly discovery, and simply requests that the Court schedule this matter for a brief one-day trial at the Court's earliest convenience.

3. **Basis of Subject Matter Jurisdiction:** This Court has subject matter jurisdiction over the federal copyright infringement claim pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

4. **Subjects on Which Discovery May Be Needed**

*Plaintiff*: Plaintiff seeks discovery to matters involving, but not limited to, Defendant's practices in the use of copyright protected work, revenues accrued in connection with the social media account, prior licensing history, along with other factors.

*Defendant*: Defendant seeks no discovery other than production of any documents Plaintiff may attempt to introduce at trial, and a disclosure of trial witnesses. Any further discovery would improperly allow Plaintiff to use this litigation as a "strike suit" whereby its costs far exceed any potential recovery Plaintiff could hope to obtain. If the Court allows discovery, Defendant will serve targeted document requests related to: (1) Plaintiff's ownership and registration of the photograph at issue; (2) whether Plaintiff filed suit within the statute of limitations, including based on Plaintiff's awareness of Ms. Barkin and her Twitter account; and (3) Plaintiff's alleged damages, including any licensing history of the photograph at issue.

5. **Informal Disclosures**

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Plaintiff*** on March 16, 2026. In addition, on March, 16, 2026, Plaintiff will produce an initial set of relevant documents identified in its Initial.

   The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Defendant*** on March 16, 2026. In addition, on March 16, 2026, Defendant will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

The parties propose to the Court the following discovery plan:

All fact discovery must be completed by:

    [*Plaintiff proposes*:]   **May 31, 2026**

    [*Defendant proposes*:] **April 8, 2026**

*The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth above.*

    a. Depositions:

        [*Plaintiff proposes*:]   Depositions shall be completed by May 5, 2026 and limited to no more than 2 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

        [*Defendant proposes*:] There will be no depositions.

    b. Interrogatories:

        [*Plaintiff proposes*:] Initial sets of interrogatories shall be served on or before March 16, 2026. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

        [*Defendant proposes*:] There will be no interrogatories.

    c. Requests for Admission:

        [*Plaintiff proposes*:] Requests for admission must be served on or before March 16, 2026.

        [*Defendant proposes*:] There will be no requests to admit.

    d. Requests for Production:

        [*Plaintiff proposes*:] Initial requests for production were/will be exchanged on March 16, 2026 and responses shall be due on April 15, 2026. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

        [*Defendant proposes*:] There will be no requests for production. Each party will produce any documents upon which they may rely at trial by April 8, 2026. If the Court allows any written discovery, Defendant respectfully requests that each party be limited to no more than 5 requests for production.

    e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

    Plaintiff does not anticipate discovery disputes at this time.

    Defendant does not anticipate discovery disputes other than those set forth above regarding the overall scope and timing of discovery.

8. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated? The parties do not anticipate any amendments to pleadings.

    b. Last date to amend the Complaint: March 31, 2026.

9. **Joinder of Parties**

   a. Are there other necessary parties that need to be joined? <u>No.</u>

   b. Is joinder of other parties anticipated? <u>No.</u>

   c. Last date to join other parties: <u>March 31, 2026.</u>

10. **Expert Witness Disclosures**

    At this time, the parties <u>do not</u> anticipate utilizing experts.

11. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? <u>No.</u>

    b. Is there an electronic discovery protocol in place? If not, when do the parties except to have one in place? <u>No, and the parties do not anticipate that one is needed.</u>

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? <u>No.</u>

12. **Anticipated Motions**

    Plaintiff anticipates filing of a Motion for Summary Judgment.

    Defendant does not currently anticipate filing motions, except potential Motions in Limine.

13. **Early Settlement or Resolution**

    The parties <u>have</u> discussed the possibility of settlement. Plaintiff requests a settlement conference by April 30<u>, 2026</u>.

    Defendant requests that the case be stayed pending any settlement conference, again to ensure that Plaintiffs is not permitted to use the cost of litigation to extract an otherwise unjustifiable settlement amount.

    The following information is needed before settlement can be discussed:

    <u>Plaintiff</u>: Plaintiff seeks information pertaining to Defendant's practices in the use of copyright protected work, revenues accrued in connection with the social media account, prior licensing history, along with other factors

    <u>Defendant</u>: Defendant would like sworn confirmation that Sanders Law is acting with the information and authorization of the photographer and copyright owner, given that Mr. Liebowitz was known to act without client authorization. Defendant also requests any licensing history of the photograph at issue to assess Plaintiff's alleged damages.

14. **Trial**

    a. The parties anticipate that this case will be ready for trial by:

        [*Plaintiff proposes*:]    July 15, 2026.

        [*Defendant proposes*:] April 8, 2026.

    b. The parties anticipate that the trial of this case will require:

        [*Plaintiff proposes*:]    2 days.

        [*Defendant proposes*:]  1 day.

    c. The parties request a jury/bench trial:

        [*Plaintiff proposes*:]    Plaintiff requests a jury trial.

        [*Defendant proposes*:] Defendant would try this case to the Court or to a jury.

    d. The parties consent/do not consent to Magistrate Judge jurisdiction at this time:

        [*Plaintiff proposes*:]    Plaintiff does not consent.

        [*Defendant proposes*:] Defendant would consent.

15. **Other Matters**

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this 25th day of February, 2026.

| | |
|---|---|
| **SANDERS LAW GROUP** | **Attorneys for Defendant:** |
| By: /s/ | /s/ |
| Dina Nouhian, Esq. | Mark Musico |
| 333 Earle Ovington Boulevard, Suite 402 | Jacob W. Buchdahl |
| Uniondale, NY 11553 | Christina Dieckmann* |
| Tel: (516) 203-7600 | One Manhattan West, 50th Fl |
| Email: dnouhian@sanderslaw.group | New York, New York 10001 |
| File No.: 126184 | Telephone: (212) 336-8330 |
| *Attorneys for Plaintiff* | Facsimile: (212) 336-8340 |

mmusico@susmangodfrey.com
jbuchdahl@susmangodfrey.com
cdieckmann@susmangodfrey.com
*Application for admission pending