**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

EVA'S PHOTOGRAPHY, INC.,

                              Plaintiff,

              -against-

ELLEN BARKIN,

                              Defendant.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/4/2026___

**25-CV-8809 (ALC) (KHP)**

**POST-CONFERENCE ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On March 4, 2026, the parties appeared before the undersigned for an Initial Case Management Conference.  After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.**  The parties shall have until **March 31, 2026**, to amend the pleadings and join parties.  No further amendments or joinder of parties thereafter absent good cause.

**Discovery.**  The deadline to complete all discovery is **May 31, 2026.**  The parties will be limited to 10 document requests each, 10 requests for admission each, 10 interrogatories each, and 1 deposition each.  Initial disclosures are due by **April 3, 2026**.  As discussed in greater detail on the record, those disclosures should include any documents Plaintiff or Defendant intends to introduce at trial as well as documents Plaintiff has regarding licensing, amounts received, and documents pertaining to the business relationship between Mr. Ordoñez and Eva's Photography, Inc.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status letter.**  In lieu of scheduling a case management conference, the parties shall provide a status update on discovery by **April 3, 2026**.

SO ORDERED.

DATED:    New York, New York
          March 4, 2026

KATHARINE H. PARKER
United States Magistrate Judge

2